RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
Email: ron.arlas@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM A. ALLAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CORPORATION SERVICE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 3:08-cv-01534-EMC<br><br>[Assigned for all purposes to Judge Edward M. Chen]<br><br>GREENPOINT MORTGAGE FUNDING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP §12(b)(6)]<br><br>Date:　　　July 9, 2008<br>Time:　　　10:30 a.m.<br>Courtroom:　C, (15th Floor) |

TO PLAINTIFF KARIM A. ALLAN AND SCOTT A. FLAXMAN, HIS ATTORNEY OF RECORD.

PLEASE TAKE NOTICE that on July 9, 2008 at 10:30 a.m., in Courtroom C of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California 94102, defendant GREENPOINT MORTGAGE FUNDING, INC. ("GPM") will and does hereby move the Court for an order dismissing it from the Complaint ("COM") of plaintiff, KARIM A. ALLAN.

This motion is made pursuant to FRCP Rule 12(b)(6) to wit that the COM fails to state a claim upon which relief may be granted as against defendant GPM.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Point and Authorities, and such other and further matters as may be presented in reply to any opposition filed and at the hearing of this motion.

Dated: May 14, 2008                                   ARLAS & SMITHTON

                                                                                                            /s/ Ronald M. Arlas
RONALD M. ARLAS, ESQ.
Attorney for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

\pleading\Allan\Notice of Motion and Motion 12(b)(6) 5.07.doc

RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
Email: ron.arlas@greenpoint.com

EDWARD R. BUELL III, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5616
Fax (415) 878-3595
Email: ted.buell@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM A. ALLAN,<br>    Plaintiff,<br><br>vs.<br><br>CORPORATION SERVICE COMPANY, et al.<br>    Defendants. | Case No. 3:08-CV-01534-ECM<br>[Assigned for all purposes to Judge Edward M. Chen]<br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>Date:     July 9, 2008<br>Time:    10:30 a.m.<br>Courtroom: C (15th Floor) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page i

## TABLE OF CONTENTS

I. SUMMARY OF FACTS ALLEGED IN FIRST AMENDED COMPLAINT .................................. 1
II. SUMMARY OF ARGUMENT ........................................................................................................ 1
III. LEGAL ARGUMENT ................................................................................................................... 2
    A.   The Second, Third and Fourth Causes of Action do Not Contain Charging Allegations Against GPM and Therefore Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted .................................................................................................................................. 2
    B.   Plaintiff has Failed to State any Factual Allegations Upon Which Relief Can Be Granted in the First Cause of Action for a Violation of RESPA Against GPM. ................................... 3
    C.   Should the Court Determine That Plaintiffs' Have Plead Facts Sufficient to Consitute a Cause of Action Against GPM, Defendant GPM Moves in the Alternative for a More Definite Statement to Clarify the Pleadings. ................................................................................ 6
IV. CONLCUSION .............................................................................................................................. 7

## TABLE OF AUTHORITIES

Cases

Byars v. SCME Mortgage Bankers, Inc. (2003) 109 Cal.App.4th 1134, 1141 ...................... 5, 6
Glover v. Standard Fed. Bank, 283 F.3d 953 (8th Cir.), cert. denied, 123 S. Ct. 344 (2002) .............. 5
Heimmermann v. First Union Mortgage Corp., 305 F.3d 1257, 1264 (11th Cir. 2002), cert. denied, 539 U.S. 970 (2003) ............................................................................................................. 5
Johnson v. Matrix Fin. Servs. Corp., 820 N.E.2d 1094, 1001 (Ill. App. Ct. 2004) ............................ 5
N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986) ................................................... 4
Nymark v. Heart Fed. Savings & Loan Assn. (Cal. App. 3 Dist. 1991) 231 Cal.App.3d 1089, 1096 .. 3
Schuetz v. Banc One Mortgage Corp., 292 F.3d 1004 (9th Cir. 2002), cert. denied, 123 S. Ct. 994 (2003) ................................................................................................................................... 5
Transphase Systems, Inc. v. Southern California Edison Co., (C.D.Cal. 1993) 839 F. Supp. 711, 718 .......................................................................................................................................... 4
Wint v. ABN AMRO Mortgage Group, Inc., 19 A.D.3d 588 (N.Y. 2005) ........................................ 5

Statutes

12 U.S.C. §2601(a) ................................................................................................................. 6
12 U.S.C. §2607 ............................................................................................................. 6, 7, 8
12 U.S.C. §2607(a), (b) .......................................................................................................... 6
12 U.S.C. §2607(c)(2) ......................................................................................................... 6, 7
FRCP 12(b)(6) ................................................................................................... 1, 2, 3, 4, 6, 7, 8

Treatises

Schwarzer, Tashima, and Wagstaffe, Federal Civil Procedure Before Trial, § 9:221 at page 9-41 .... 4

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page ii

## I. SUMMARY OF FACTS ALLEGED IN FIRST AMENDED COMPLAINT

Plaintiff KARIM A. ALLAN ("ALLAN") has filed a Complaint ("COM") against numerous defendants including GreenPoint Mortgage Funding, Inc. ("GPM"). The COM contains a total of four causes of action, all of which seek recovery based on alleged misconduct of defendants in funding two separate loans to plaintiff that were secured by the real property located at 1719 Kehoe Ave. San Mateo, CA 94401 (the "Property"). Plaintiff alleges that GPM violated the Real Estate Settlement and Procedures Act ("RESPA") by paying to defendants AMERIWEST, GIL and/or TAGLE, hereinafter "the BROKER DEFENDANTS", a "fee, kickback, or thing of value" relating to the making of the loans and/or "giving or accepting a portion, split or percentage of charges made or received" for the services of the BROKER DEFENDANTS. (COM ¶46, 47). These are the <u>only</u> two charging allegations against GPM that appear in the COM. Plaintiff provides no other support for his contention that GPM has violated RESPA. Based on his broad and unsupported conclusionary statements, plaintiff is seeking recovery against GPM.

## II. SUMMARY OF ARGUMENT

The second, third and fourth causes of action contained in the COM are devoid of any charging allegations against defendant GPM. Furthermore, each of these three causes of action only seek recovery against the BROKER DEFENDANTS and do not seek recovery against defendant GPM. Therefore, the second, third and fourth causes of action should be dismissed without leave to amend as against defendant GPM pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted.

The first cause of action in the COM against GPM for a violation of RESPA is vague and based solely on two conclusionary allegations. Plaintiff broadly alleges that GPM violated RESPA by "giving or paying" the BROKER DEFENDANTS "a fee, kickback or thing of value" relating to the making of the loans (COM ¶46) or "giving or accepting a portion, split or percentage of charges

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page 1

made or received" (COM ¶47). However, a "fee, a kickback and a thing of value" are three very different things. Plaintiff fails to state which of these three things defendant GPM may have done and why it was illegal. Plaintiff states, in paragraph 34 of the COM, that GPM paid a Yield Spread Premium ("YSP")[1]. The Ninth Circuit has already stated several times that payment of a YSP is NOT per se illegal. Plaintiff fails to state how the YSP, which he admits was fully disclosed (COM ¶34) constituted an illegal "fee, a kickback and a thing of value."

In Paragraph 47 of the COM, plaintiff states that GPM supposedly gave or accepted "a portion, split or percentage of charges made or received for the rendering of a real estate settlement service." Said statement is a mere conclusionary allegation. Furthermore "giving" and "accepting" are two opposite verbs. Plaintiff can't have it both ways. Plaintiff fails to state whether GPM "gave" something or "accepted" something. He also fails to state any facts that show there was a "portion, split or percentage of charges" that GPM "gave" or "accepted". By not providing any of these pertinent and necessary facts, plaintiff's allegations are mere conclusionary statements. Absent any factual allegations, plaintiff has failed to state a claim upon which relief can be granted and therefore, GPM should be dismissed pursuant to FRCP 12(b)(6).

### III. LEGAL ARGUMENT

#### A. THE SECOND, THIRD AND FOURTH CAUSES OF ACTION DO NOT CONTAIN CHARGING ALLEGATIONS AGAINST GPM AND THEREFORE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Though plaintiff states below the title of the Second, Third and Fourth Causes of Action that they apply only to the BROKER DEFENDANTS, plaintiff then says that "all of the paragraphs of the complaint are incorporated herein as if fully restated." (COM ¶¶ 49, 54, and 57) Thus, it is confusing as to whether or not each of these other three causes of action apply to defendant GPM. However, the second, third and fourth causes of action are completely devoid of any charging

---

[1] A YSP is a lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate. The YSP is paid by the lender outside of closing and is not paid by the borrower.

allegations against GPM. Consequently, with regard to each of these three causes of action, plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, the second, third and fourth causes of action are all based on the breach of a duty owed to plaintiff. However, the only relationship between plaintiff and GPM is that of a lender-borrower, a relationship that California Law clearly states does not create any duty on behalf of the lender. The Court in Nymark v. Heart Fed. Savings & Loan Assn. (Cal. App. 3 Dist. 1991) 231 Cal.App.3d 1089, 1096 held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." As a result, plaintiff is unable to establish an essential element of each of these three causes of action. Consequently, plaintiff has failed to state a claim upon which relief can be granted.

Based on the foregoing, GPM should be dismissed from the second, third and fourth causes of action pursuant to FRCP 12(b)(6).

### B. PLAINTIFF HAS FAILED TO STATE ANY FACTUAL ALLEGATIONS UPON WHICH RELIEF CAN BE GRANTED IN THE FIRST CAUSE OF ACTION FOR A VIOLATION OF RESPA AGAINST GPM.

The first cause of action seeks damages against GPM for an alleged violation of RESPA. Specifically, plaintiff first alleges that GPM violated RESPA by paying the BROKER DEFENDANTS "a fee, kickback or thing of value" relating to the making of the loans. COM ¶46. Then, in Paragraph 47, plaintiff merely quotes a subsequent section of RESPA, namely that GPM allegedly violated RESPA by "giving or accepting a portion, split or percentage of charges made or received for the rendering of a real estate settlement service…" These conclusionary statements are the only allegations that plaintiff makes against GPM in the entire COM.

Plaintiff has relied on stating conclusions rather than specific factual allegations to support his sole claim against GPM. The Court in Transphase Systems, Inc. v. Southern California Edison

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page 3

Co., (C.D.Cal. 1993) 839 F. Supp. 711, 718, held that "[a]lthough the Court must assume that the allegations in a plaintiff's complaint are true when considering defendants' motion to dismiss, N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986), the Court does not 'need to accept as true conclusionary allegations ... or unreasonable inferences.'" *Quoting* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:221 at page 9-41. As such, the Court does not need to accept as true, plaintiff's broad statement that GPM violated RESPA by paying The BROKER DEFENDANTS a "fee, kickback or thing of value" relating to the making of the loans or that GPM allegedly violated RESPA by "giving or accepting a portion, split or percentage of charges made or received for the rendering of a real estate settlement service." COM ¶46, 47. Absent these conclusionary statements, the COM is completely devoid of any charging factual allegations against GPM. Consequently, GPM should be dismissed pursuant to FRCP 12(b)(6) as plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, the conclusionary statements upon which the first cause of action is based are extremely ambiguous. A "fee, a kickback and a thing of value" are three very different categories and "giving" or "accepting" are opposite actions. Since plaintiff admits in paragraph 34 that the YSP was fully disclosed to plaintiff, plaintiff surely cannot mean that this YSP is per se illegal and he fails to state any facts to show that the fully disclosed YSP was illegal. Plaintiff fails to provide any information about any other payment, which he might feel was illegal. In fact, plaintiff has the allegation in the first sentence of Paragraph 35 absolutely wrong. GPM did NOT pay the "Total Due Broker" fee referred to in the prior paragraph. That total fee contains origination points that the borrower paid directly. Plaintiff even admits that he was responsible for paying this origination fee. See the first line under the Debit column on plaintiff's attached Exhibit A, the borrower's Estimated Closing Costs. In fact, the COM is completely devoid of any allegations that would allow GPM to make a guess as to what the allegedly illegal "fee, kickback or other thing of value" or what "giving

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page 4

or accepting" plaintiff is talking about. Consequently, the entire COM is ambiguous thereby preventing GPM from being able to determine what the plaintiff is complaining about. As a result, GPM is unable to determine how to respond to the COM.

As stated previously, defendant GPM must assume that the alleged illegal payment that plaintiff refers to in the COM is <u>not</u> the Yield Spread Premium ("YSP"), which was paid to the BROKER DEFENDANTS and properly disclosed to the borrower prior to closing. This assumption is based on the fact that under both federal and state law theories, Courts have consistently rejected the claim that yield spread premiums are *per se* illegal[2]. The Courts have further held that a YSP may be stated as a lump sum, without specifying particular services provided by the mortgage broker. Consequently, GPM's payment of a YSP to the BROKER DEFENDANTS was not per se illegal and more importantly was permitted under 12 U.S.C. §2607(c)(2). Therefore, the YSP was not an illegal payment and therefore cannot be the alleged illegal "fee, kickback or thing of value relating to the making of the Loan" upon which plaintiff bases the first cause of action against GPM. COM ¶7, 10.

Finally, it has been clearly established by the Courts that a payment from a lender to a broker as part of a loan transaction is not a per se violation of RESPA. The Court in <u>Byars v. SCME Mortgage Bankers, Inc.</u> (2003) 109 Cal.App.4th 1134, 1141 held that "The Real Estate Settlement Procedures Act of 1974 (RESPA), an act that seeks to protect real estate consumers 'from unnecessarily high settlement charges caused by certain abusive practices' (12 U.S.C. §2601(a)), prohibits the payments of kickbacks or referral fees 'incident to or a part of a real estate settlement service.' (12 U.S.C. §2607(a), (b))." However, the Court in <u>Byars</u> went further to explain that

---

[2] *See, e.g.,* <u>Byars v. SCME Mortgage Bankers, Inc.</u>, 109 Cal. App. 4th 1134 (2003); <u>Heimmermann v. First Union Mortgage Corp.</u>, 305 F.3d 1257, 1264 (11th Cir. 2002), *cert. denied*, 539 U.S. 970 (2003); *see also* <u>Schuetz v. Banc One Mortgage Corp.</u>, 292 F.3d 1004 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 994 (2003); <u>Glover v. Standard Fed. Bank</u>, 283 F.3d 953 (8th Cir.), *cert. denied*, 123 S. Ct. 344 (2002); <u>Wint v. ABN AMRO Mortgage Group, Inc.</u>, 19 A.D.3d 588 (N.Y. 2005); <u>Johnson v. Matrix Fin. Servs. Corp.</u>, 820 N.E.2d 1094, 1001 (Ill. App. Ct. 2004).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page 5

"RESPA **does not prohibit** 'the payment to any person of a bona fide ... compensation or other payment for goods or facilities actually furnished or for services actually performed.' (12 U.S.C. §2607(c)(2))." Byars, *supra* at 1141, (emphasis added).

The COM is completely devoid of any facts or allegations that the alleged fee, kickback or thing of value paid to the BROKER DEFENDANTS was not for services actually performed. As a result, plaintiff has failed to show that the alleged "fee, kickback or thing of value" paid by GPM to the BROKER DEFENDANTS was not allowed under 12 U.S.C. §2607(c)(2) and more importantly failed to state how it violated RESPA. Consequently, plaintiff has failed to plead facts sufficient to state a claim for a violation of 12 U.S.C. §2607 upon which relief can be granted.

Plaintiff relies on two conclusionary allegations that GPM violated RESPA and fails to specifically identify any alleged payments that were made by GPM to the BROKER DEFENDANTS and fails to factually identify what GPM supposedly gave or accepted that was "a portion, split or percentage of charges made or received for the rendering of a real estate settlement service." Furthermore, the only payment that GPM made to the BROKER DEFENDANTS, the YSP, was both legal and clearly allowable under RESPA (12 U.S.C. §2607, *et seq.*). Consequently, plaintiff has failed to plead facts sufficient to state a claim under 12 U.S.C. §2607 upon which relief can be granted and GPM should therefore be dismissed pursuant to FRCP 12(b)(6).

**C. SHOULD THE COURT DETERMINE THAT PLAINTIFFS' HAVE PLEAD FACTS SUFFICIENT TO CONSITUTE A CAUSE OF ACTION AGAINST GPM, DEFENDANT GPM MOVES IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT TO CLARIFY THE PLEADINGS.**

In the event that the Court determines Plaintiffs have met their initial burden in pleading facts sufficient to state a claim in the first cause of action as against GPM, defendant GPM requests this Court to Order Plaintiffs to clarify the COM in order to provide GPM with sufficient notice of their claims. As more fully discussed above, Plaintiffs rely on conclusory statements as well as vague,

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page 6

ambiguous and undefined terms in pleading the first cause of action. As a result, GPM is unable to determine how to respond to the COM in its current form.

## IV. CONLCUSION

Based on the foregoing, plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted against GPM. The first cause of action is completely devoid of any factual allegations that could sustain a cause of action under 12 U.S.C. §2607. The second, third and fourth causes of action do not contain any charging allegations against GPM and are not applicable to GPM. As such, plaintiff has failed to state a claim upon which relief can be granted. Therefore, GPM respectfully request this Court to grant its Motion to Dismiss GPM pursuant to FRCP 12(b)(6) without leave to amend or to issue an order for a More Definite Statement.

Dated: May 14, 2008

ARLAS & SMITHTON

_/s/ Ronald M. Arlas_
RONALD M. ARLAS, ESQ.
Attorney for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

\Legal\PLEADING\Allan v Gil, GPM\GPM Motion to Dismiss - P&A 5.08.doc

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF GREENPOINT MORTGAGE'S
MOTION TO DISMISS THE COMPLAINT AND
ALTERNATIVELY FOR A MORE DEFINITE STATEMENT

3:08-cv-01534-EMC

Page 7