RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ron.arlas@greenpoint.com

EDWARD R. BUELL, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, Ca. 94945
(415) 878-5616
Fax (4150 878-3593
ted.buell@greenpoint.com

Attorneys for Defendants GREENPOIINT MORTGAGE
FUNDING, INC., and CAPITAL ONE SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| KARIM A. ALLAN,<br>    Plaintiff,<br>vs.<br>CORORATION SERVICE COMPANY, et al,<br>    Defendant. | Case No. 3:08-cv-01534-EMC<br>[Assigned for all purposes to Judge Edward M. Chen]<br>CAPITAL ONE SERVICES NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP §12(b)(6)]<br>Date: July 9, 2008<br>Time: 10:30 a.m.<br>Dept. C, (15th Floor) |

TO PLAINTIFF KARIM A. ALLAN AND SCOTT A. FLAXMAN, HIS ATTORNEY OF RECORD.

1
2   PLEASE TAKE NOTICE that on July 9, 2008 at 10:30 a.m., in Courtroom C (15th Floor) of
3   the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California 94102,
4   defendant CAPTIAL ONE SERVICES ("CAPITAL") will and does hereby move the Court for an
5   order dismissing it from the Complaint ("COM") of plaintiff, KARIM A. ALLAN.
6   This motion is made pursuant to FRCP Rule 12(b)(6) to wit that the COM fails to state a
7   claim upon which relief may be granted as against defendant CAPITAL.
8   This motion is based on this Notice of Motion and Motion, the following Memorandum of
9   Point and Authorities, and such other and further matters as may be presented in reply to any
10  opposition filed and at the hearing of this motion.
11
12  Dated: May14, 2008                             ARLAS & SMITHTON
13
14                                                 _____/s/ Ronald M. Arlas_____
                                                   RONALD M. ARLAS, ESQ.
                                                   Attorney for Defendant
15                                                 CAPITAL ONE SERVICES
16
17
18  \pleading\Allan\Cap One Notice of Motion and Motion 12(b)(6) 5.08.doc

RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
Email: ron.arlas@greenpoint.com

EDWARD R. BUELL, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, Ca. 94945
(415) 878-5616
Fax (4150 878-3593
Email: ted.buell@greenpoint.com

Attorneys for Defendant
CAPITAL ONE SERVICES

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM A. ALLAN,<br>    Plaintiff,<br><br>vs.<br><br>CORPORATION SERVICE COMPANY, et al.<br>    Defendants. | Case No. 3:08-CV-01534-ECM<br><br>[Assigned for all purposes to Judge Edward M. Chen]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CAPITAL ONE SERVICES' MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)]<br><br>Date: July 9, 2008<br>Time: 10:30 a.m.<br>Courtroom: C (15th Floor) |

## TABLE OF CONTENTS

I. Summary of Facts Alleged in Complaint ................................................................................. 1
II. Summary of Argument ............................................................................................................ 1
III. Legal Argument .................................................................................................................... 3
   A. The Second, Third and Fourth Causes of Action do Not Contain Charging Allegations Against CAPITAL and Therefore Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted ................................................................................................................................. 3
   B. Plaintiff has Failed to State any Factual Allegations Upon Which Relief Can Be Granted in the First Cause of Action for a Violation of RESPA Against CAPITAL. ..................................... 3
III. CONLCUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

### Cases

Byars v. SCME Mortgage Bankers, Inc. (2003) 109 Cal.App.4th 1134, 1141 .............................. 4
Glover v. Standard Fed. Bank, 283 F.3d 953 (8th Cir.), cert. denied, 123 S. Ct. 344 (2002) ......... 4
Heimmermann v. First Union Mortgage Corp., 305 F.3d 1257, 1264 (11th Cir. 2002), cert. denied, 539 U.S. 970 (2003) ............................................................................................................... 4
Johnson v. Matrix Fin. Servs. Corp., 820 N.E.2d 1094, 1001 (Ill. App. Ct. 2004) ........................ 4
Nymark v. Heart Fed. Savings & Loan Assn. (Cal. App. 3 Dist. 1991) 231 Cal.App.3d 1089, 1096 2
Schuetz v. Banc One Mortgage Corp., 292 F.3d 1004 (9th Cir. 2002), cert. denied, 123 S. Ct. 994 (2003) .................................................................................................................................... 4
Transphase Systems, Inc. v. Southern California Edison Co., (C.D.Cal. 1993) 839 F. Supp. 711, 718 ......................................................................................................................................... 3
Wint v. ABN AMRO Mortgage Group, Inc., 19 A.D.3d 588 (N.Y. 2005) ..................................... 4

### Statutes

12 U.S.C. §2607 ........................................................................................................................ 5, 6
12 U.S.C. §2607(c)(2) ..................................................................................................................... 4
FRCP 12(b)(6) ..................................................................................................................... 2, 3, 5, 6

## I. SUMMARY OF FACTS ALLEGED IN FIRST AMENDED COMPLAINT

Plaintiff KARIM A. ALLAN ("ALLAN") has filed a Complaint ("COM") against numerous defendants including CAPITAL ONE SERVICES ("CAPITAL"). The COM contains a total of four causes of action, all of which seek recovery based on alleged misconduct of defendants in funding two separate loans to plaintiff that were secured by the real property located at 1719 Kehoe Ave. San Mateo, CA 94401 (the "Property"). Plaintiff alleges that CAPITAL was somehow involved in the loans taken out by plaintiff, (the "ALLAN LOANS") and through this alleged involvement, violated the Real Estate Settlement and Procedures Act ("RESPA") by paying to defendants AMERIWEST, GIL and/or TAGLE, ("the BROKER DEFENDANTS"), a "fee, kickback, or thing of value" relating to the making of the loans and/or "giving or accepting a portion, split or percentage of charges made or received" for the services of the BROKER DEFENDANTS. (COM ¶46, 47). These are the only two charging allegations against CAPITAL that appear in the COM. Plaintiff provides no other support for his contention that CAPITAL violated RESPA. Based on these broad and unsupported conclusionary statements, plaintiff is seeking recovery against CAPITAL.

However, before even getting to the charging allegations, CAPITAL would submit that GPM is not a subsidiary of it (COM ¶10b), that RESPA applies only to lenders of federally related mortgage loans and not to parent corporations of such lenders, and finally, that, by the documents attached to the COM, plaintiff admits that only GPM was involved as a lender in the ALLAN LOANS. As such, CAPITAL would submit that these are additional grounds to support its dismissal pursuant to FRCP 12(b)(6).

## II. SUMMARY OF ARGUMENT

The second, third and fourth causes of action contained in the COM are devoid of any charging allegations against defendant CAPITAL. Furthermore, each of these three causes of action

only seek recovery against the BROKER DEFENDANTS and do not seek recovery against defendant CAPITAL. Therefore, the second, third and fourth causes of action should be dismissed without leave to amend as against defendant CAPITAL pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted.

The first cause of action in the COM against CAPITAL for a violation of RESPA is vague and based solely on two conclusionary allegations. Plaintiff broadly alleges that CAPITAL violated RESPA by "giving or paying" the BROKER DEFENDANTS "a fee, kickback or thing of value" relating to the making of the loans (COM ¶46) or "giving or accepting a portion, split or percentage of charges made or received" (COM ¶47). However, a "fee, a kickback and a thing of value" are three very different things. Plaintiff fails to state which of these three things defendant CAPITAL may have done and why it was illegal. Plaintiff states, in paragraph 34 of the COM, that CAPITAL paid a Yield Spread Premium ("YSP"). The Ninth Circuit has already stated several times that payment of a YSP is NOT per se illegal. Plaintiff fails to state how the YSP, which he admits was fully disclosed (COM ¶34), constituted an illegal "fee, a kickback and a thing of value."

In ¶47 of the COM, plaintiff states that CAPITAL supposedly gave or accepted "a portion, split or percentage of charges made or received for the rendering of a real estate settlement service." Said statement is a mere conclusionary allegation. Furthermore "giving" or "accepting" are two opposite verbs. Plaintiff can't have it both ways. Plaintiff fails to state whether CAPITAL "gave" something or "accepted" something. He also fails to state any facts that show there was a "portion, split or percentage of charges" that CAPITAL "gave" or "accepted". By not providing any of these pertinent and necessary <u>facts</u>, plaintiff's allegations are mere conclusionary statements. Absent any factual allegations, plaintiff has failed to state a claim upon which relief can be granted and therefore, CAPITAL should be dismissed pursuant to FRCP 12(b)(6).

### III. LEGAL ARGUMENT

A. **The Second, Third and Fourth Causes of Action do Not Contain Charging Allegations Against CAPITAL and Therefore Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted**

Though plaintiff states below the title of the Second, Third and Fourth Causes of Action that they apply only to the BROKER DEFENDANTS, plaintiff then says, "all of the paragraphs of the complaint are incorporated herein as if fully restated." (COM ¶¶ 49, 54, and 57) Thus, it is confusing as to whether or not each of these other three causes of action applies to defendant CAPITAL. However, the second, third and fourth causes of action are completely devoid of any charging allegations against CAPITAL. Consequently, with regard to each of these three causes of action, plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, the second, third and fourth causes of action are all based on the breach of a duty owed to plaintiff. However, the only connection alleged between plaintiff and CAPITAL is that GPM is supposed to be a subsidiary of CAPITAL, a relationship that California Law clearly states does not create any duty on behalf of the lender. The Court in <u>Nymark v. Heart Fed. Savings & Loan Assn.</u> (Cal. App. 3 Dist. 1991) 231 Cal.App.3d 1089, 1096 held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." As a result, plaintiff is unable to establish an essential element of each of these three causes of action. Consequently, plaintiff has failed to state a claim upon which relief can be granted.

Based on the foregoing, CAPITAL should be dismissed from the second, third and fourth causes of action pursuant to FRCP 12(b)(6).

B. **Plaintiff has Failed to State any factual Allegations Upon Which Relief Can Be Granted in the First Cause of Action for a Violation of RESPA Against CAPITAL.**

The first cause of action seeks damages against CAPITAL for an alleged violation of RESPA. Specifically, plaintiff first alleges that CAPITAL violated RESPA by paying the BROKER DEFENDANTS "a fee, kickback or thing of value" relating to the making of the loans. COM ¶46. Then, in ¶47, plaintiff merely quotes a subsequent section of RESPA, namely that CAPITAL allegedly violated RESPA by "giving or accepting a portion, split or percentage of charges made or received for the rendering of a real estate settlement service..." These conclusionary statements are the only allegations that plaintiff makes against CAPITAL in the entire COM.

Plaintiff has relied on stating conclusions rather than specific factual allegations to support his sole claim against CAPITAL. The Court in Transphase Systems, Inc. v. Southern California Edison Co., (C.D.Cal. 1993) 839 F. Supp. 711, 718, held that "[a]lthough the Court must assume that the allegations in a plaintiff's complaint are true when considering defendants' motion to dismiss, N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986), the Court does not 'need to accept as true conclusionary allegations ... or unreasonable inferences.'" *Quoting* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial*, § 9:221 at page 9-41. As such, the Court does not need to accept as true, plaintiff's broad statement that CAPITAL violated RESPA by paying The BROKER DEFENDANTS a "fee, kickback or thing of value" relating to the making of the loans or that CAPITAL allegedly violated RESPA by "giving or accepting a portion, split or percentage of charges made or received for the rendering of a real estate settlement service." COM ¶46, 47. Absent these conclusionary statements, the COM is completely devoid of any charging factual allegations against CAPITAL. Consequently, CAPITAL should be dismissed pursuant to FRCP 12(b)(6) as plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, the conclusionary statements upon which the first cause of action is based are extremely ambiguous. A "fee, a kickback and a thing of value" are three very different categories. "Giving" or "accepting" are opposite actions. Since plaintiff admits in paragraph 34 that the YSP

was fully disclosed to plaintiff, plaintiff surely cannot mean that this YSP is per se illegal and he fails to state any facts to show that the fully disclosed YSP was illegal. Plaintiff fails to provide any information about any other payment, which he might feel was illegal. In fact, plaintiff has the allegation in the first sentence of ¶35 absolutely wrong. CAPITAL did NOT pay the "Total Due Broker" fee referred to in the prior paragraph. That Total fee contains origination points that the borrower paid directly. Plaintiff even admits that he was responsible for paying this origination fee. See the first line under the Debit column on plaintiff's attached Exhibit A, the borrower's Estimated Closing Costs. In fact, the COM is completely devoid of any allegations that would allow CAPITAL to make a guess as to what allegedly illegal "fee, kickback or other thing of value" or "giving or accepting" plaintiff is talking about. Consequently, the entire COM is ambiguous thereby preventing CAPITAL from being able to determine what the plaintiff is complaining about. As a result, CAPITAL is unable to determine how to respond to the COM.

As stated previously, defendant CAPITAL must assume that the alleged illegal payment that plaintiff refers to in the COM is <u>not</u> the Yield Spread Premium[1] ("YSP"), which was paid to the BROKER DEFENDANTS and properly disclosed to the borrower prior to closing. This assumption is based on the fact that under both federal and state law theories, Courts have consistently rejected the claim that yield spread premiums are *per se* illegal[2]. The Courts have further held that a YSP may be stated as a lump sum, without specifying particular services provided by the mortgage broker. Consequently, CAPITAL'S alleged payment of a YSP to the BROKER DEFENDANTS was not per se illegal and more importantly was permitted under 12 U.S.C. §2607(c)(2). Therefore, the YSP was

---

[1] A YSP is a lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate. The YSP is paid by the lender outside of closing and is not paid by the borrower.
[2] *See, e.g.,* Byars v. SCME Mortgage Bankers, Inc., 109 Cal. App. 4th 1134 (2003); Heimmermann v. First Union Mortgage Corp., 305 F.3d 1257, 1264 (11th Cir. 2002), *cert. denied*, 539 U.S. 970 (2003); *see also* Schuetz v. Banc One Mortgage Corp., 292 F.3d 1004 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 994 (2003); Glover v. Standard Fed. Bank, 283 F.3d 953 (8th Cir.), *cert. denied*, 123 S. Ct. 344 (2002); Wint v. ABN AMRO Mortgage Group, Inc., 19 A.D.3d 588 (N.Y. 2005); Johnson v. Matrix Fin. Servs. Corp., 820 N.E.2d 1094, 1001 (Ill. App. Ct. 2004).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF CAPITAL ONE SERVICE'S
MOTION TO DISMISS THE COMPLAINT

not an illegal payment and therefore cannot be the alleged illegal "fee, kickback or thing of value relating to the making of the Loan" upon which plaintiff bases the first cause of action against CAPITAL. COM ¶7, 10.

Finally, it has been clearly established by the Courts that a payment from a lender to a broker as part of a loan transaction is not a per se violation of RESPA. The Court in <u>Byars v. SCME Mortgage Bankers, Inc.</u> (2003) 109 Cal.App.4th 1134, 1141 held that "The Real Estate Settlement Procedures Act of 1974 (RESPA), an act that seeks to protect real estate consumers 'from unnecessarily high settlement charges caused by certain abusive practices' (12 U.S.C. §2601(a)), prohibits the payments of kickbacks or referral fees 'incident to or a part of a real estate settlement service.' (12 U.S.C. §2607(a), (b))." However, the Court in <u>Byars</u> went further to explain that "RESPA **does not prohibit** 'the payment to any person of a bona fide ... compensation or other payment for goods or facilities actually furnished or for services actually performed.' (12 U.S.C. §2607(c)(2))." (emphasis added).

The COM is completely devoid of any facts or allegations that the alleged fee, kickback or thing of value paid to the BROKER DEFENDANTS was not for services actually performed. As a result, plaintiff has failed to show that the alleged "fee, kickback or thing of value" allegedly paid by CAPITAL to the BROKER DEFENDANTS was not allowed under 12 U.S.C. §2607(c)(2) and more importantly failed to state how it violated RESPA. Consequently, plaintiff has failed to plead facts sufficient to state a claim for a violation of 12 U.S.C. §2607 upon which relief can be granted.

Plaintiff relies on two conclusionary allegations that CAPITAL violated RESPA and fails to specifically identify any alleged payments that were made by CAPITAL to the BROKER DEFENDANTS and fails to factually identify what CAPITAL supposedly gave or accepted that was "a portion, split or percentage of charges made or received for the rendering of a real estate settlement service." Furthermore, the only payment that CAPITAL allegedly made to the BROKER

DEFENDANTS, the YSP, was both legal and clearly allowable under RESPA (12 U.S.C. §2607, *et seq.*). Consequently, plaintiff has failed to plead facts sufficient to state a claim under 12 U.S.C. §2607 upon which relief can be granted and CAPITAL should therefore be dismissed pursuant to FRCP 12(b)(6).

### C. Plaintiff has Named the Wrong Capital One Entity as a Co-defendant and Furthermore, Only Greenpoint Mortgage was Involved as a Lender in the ALLAN LOANS.

In paragraph 10(b) of the COM, plaintiff claims that "Capital One Services" ("CAPITAL") had a "wholly-owned subsidiary" whose legal name plaintiff was unable to get correct despite 3 tries in this paragraph. The correct legal name is "Greenpoint Mortgage Funding, Inc." ("GPM"), as shown in the various documents that plaintiff has attached to his own COM. Though CAPITAL could submit innumerable documents to show that it is not the parent company of GPM, such submissions might not be allowed in a FRCP 12(b)(6) motion. However, CAPITAL would submit that RESPA clearly applies to lenders and other providers of settlement services. Nowhere in the statute does it say that it applies to alleged "parent" corporations of lenders. Since, nowhere in his complaint does plaintiff state any "piercing the corporate veil" allegations, plaintiff's complaint fails to state any facts upon which relief can be granted as against CAPTIAL when the only allegations are in its supposed capacity as the parent corporation of GPM.

More importantly, a review of the parts of the documents that plaintiff attaches to his complaint show that the only lender-party involved in the ALLAN LOANS was GPM. Why plaintiff only attached parts of documents is unknown to this defendant, but this Court may consider the whole document when only parts of it are attached to the complaint. The 9th Circuit sanctioned such a procedure in <u>In re Stac Electronics Securities Litig.</u>, 89 F3d 1399, 1405, fn.4 (1996). Thus, GPM is

submitting from its copy of the ALLAN LOAN files, on behalf of CAPITAL, Request for Judicial Notice (the "REQUEST"), which contains the following documents:

a. Exhibit 1: the HUD-1, which completes plaintiff's Exhibit A;

b. Exhibit 2, which is the full copy of the escrow instructions from the "Lender", which should be noted was GPM and not CAPITAL. This exhibit completes plaintiff's Exhibit B.

c. Exhibit 3, which is a copy of the promissory note for the first loan signed by ALLAN.

d. Exhibit 4, which is a copy of the deed of trust for the first loan signed by ALLAN.

NONE of these documents contain the name of CAPITAL anywhere in them. And, as final proof that CAPITAL had absolutely nothing to do with the ALLAN LOANS, one only needs to review plaintiff's Exhibit D, which again shows GPM instructing the title company on how to disburse and plaintiff's Exhibit E, which in the top left-hand side clearly shows that GPM is the "lender."

Based on all of this irrefutable documentary evidence, CAPITAL would submit that it should be dismissed promptly from this case pursuant to FRCP 12(b)(6).

### III. CONLCUSION

Based on the foregoing, plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted against CAPITAL. The first cause of action is completely devoid of any factual allegations that could sustain a cause of action under 12 U.S.C. §2607. The second, third and fourth causes of action do not contain any charging allegations against CAPITAL and are not applicable to CAPITAL. In addition, CAPITAL had nothing to do with the ALLAN LOANS in that the lender was GPM. RESPA only applies to lenders; it does not apply to corporate parents. As such, plaintiff has failed to state a claim upon which relief can be granted. Therefore, CAPITAL

1 | respectfully request this Court to grant its Motion to Dismiss CAPITAL pursuant to FRCP 12(b)(6)
2 | without leave to amend.

Dated: May 14, 2008                                                    ARLAS & SMITHTON

                                                                       _____/s/ Ronald M. Arlas_____
                                                                       RONALD M. ARLAS, ESQ.
                                                                       Attorney for Defendant
                                                                       CAPITAL ONE SERVICES

\Legal\Pleading\Allan v. CAPITAL\Motion to Dismiss - Mem of P & A 6.07.doc