SCOTT A. FLAXMAN (SBN 241285)
**SCOTT FLAXMAN LAW**
200 Valley Drive #13
Brisbane, California 94005
Telephone: (415) 571-0582
Facsimile:  (650) 952-0409
scottf@scottflaxmanlaw.com

**ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM A. ALLAN<br><br>            Plaintiff<br><br>vs.<br><br>Corporation Service Company as agent for **CAPTIAL ONE SERVICES**, **RAMON LIMCUANDO GIL**, individually and as agent for **AMERIWEST FUNDING**, **CHRISTINA TAGLE**, an individual, Andrew J. Gale as agent for **GREENPOINT MORTGAGE FUNDING**,<br><br>**Doe 1 through Doe 10**,<br><br><br>            Defendants | Case No.: 3:08-cv-01534-EMC<br><br>[Assigned for all purposes to Judge: Hon. Edward M. Chen]<br><br>PLAINTIFF KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP §12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT<br><br>**Date:**          **July 9, 2008**<br>**Time:**          **10:30 a.m.**<br>**Courtroom:**   **C, (15th Floor)** |

i

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................................... 1

II.  ARGUMENT ............................................................................................................... 1

   A.  Greenpoint's Yield Spread Premium Payment Was in Violation of RESPA and Mr. Allan Has Provided Sufficient Factual Allegations In Support of his First Cause of Action Against Greenpoint For Greenpoint's RESPA Violation..................................................................................................................1

   B.  Greenpoint's YSP Payment to Amierwest was in Violation of RESPA Because Greenpoint Did Not Provide Mr. Allan With Adequate Disclosure ........................................................................................................2

   C.  Greenpoint's YSP Payment to Ameriwest Was in Violation of RESPA Because Greenpoint Did Not Take Action to Ensure Ameriwest Performed Compensable Services ........................................................................3

   D.  An FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim is Viewed With Disfavor and is Rarely Granted ..........................................................................................................................................4

III. CONCLUSION............................................................................................................. 5

ii

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

# TABLE OF AUTHORITIES

<u>Cases</u>

*Culpepper vs. Irwin Mortgage Corporation*
    253 F.3d 1324 (11th Cir. 2001)……………………………………….4

*Cellars v. Pacific Coast Packaging, Inc.*
    189 F.R.D. 575, 577-578 (D.Cal. 1999)…………………………………….4

*Peloza v. Capistrano Unified School District*
    37 F.3d 517, 521 (9th Cir. 1994)……………………………………….4

*Columbia Natural Resources v. Tatum,*
    58 F.3d 1101, 1109 (6th Cir. 1995)……………………………………….4

*Maganallez vs. Hilltop Lending Corporation,*
    505 F. Supp. 2d 594, 600 (D.Cal. 2007)………………………………….5

<u>Statutes</u>

    12 U.S.C. §2607……………………………………………………….4
    12 U.S.C. §2601 *et seq.* ...............................................................................1
    Fed. R. Civ. P. 12(b)(6)………………………………………………..4

<u>Regulations</u>

    Department of Housing and Urban Development 1999-1 ("HUD") Policy
    Statement, 64 Fed. Reg. 10080 (1999)……………………………………1,2,3

    Department of Housing and Urban Development 2001-1 ("HUD") Policy
    Statement, 66 Fed. Reg. 53052 (2001)……………………………………1,2,3,4

iii

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

I.  **INTRODUCTION**

Plaintiff Karim A. Allan, ("Mr. Allan") hereby opposes defendant Greenpoint Mortgage Funding, Inc.'s ("Greenpoint) Motion to Dismiss the Complaint And Alternatively for a More Definite Statement ("Motion").  Greenpoint based its Motion on the premise that the Mr. Allan allegedly provides no factual basis for his contention that Greenpoint violated the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. (RESPA) as alleged in Mr. Allan's First Cause of Action.  As only the First Cause of Action is claimed against Greenpoint, only that claim will be discussed.

II.  **ARGUMENT**

>  **A. Greenpoint's Yield Spread Premium Payment Was in Violation of RESPA and Mr. Allan Has Provided Sufficient Factual Allegations In Support of his First Cause of Action Against Greenpoint For Greenpoint's RESPA Violation**

Greenpoint's Yield Spread Premium ("YSP") payment of $19,200.00 to Defendants Ameriwest, Tagle and  Gil, ("Broker-Defendants") as alleged in Plaintiff's Complaint ("Complaint") [Complaint ¶ 34-36] was in violation of RESPA because Greenpoint did not make timely or meaningful disclosure of the YSP payment [Complaint ¶40-43]; Greenpoint did not ensure that the Broker-Defendants performed compensable services; Greenpoint enticed the Broker-Defendants to steer Mr. Allan into a loan with a higher interest rate [Complaint ¶36, 38] than Mr. Allan could have otherwise received given his excellent credit [Complaint ¶37] had the Broker-Defendants acted in their client, Mr. Allan's best interest rather than self-dealing [Complaint ¶58].

### RESPA Statement of Policy 2001-1

In the Department of Housing and Urban Development ("HUD") Statement of Policy issued in 2001, 66 Fed. Reg. 53052 (2001), ("SOP 2001-1"), HUD sought to clarify both its interpretation of Section 8 of RESPA and its Statement of Policy 1999-1 ("SOP 1999-1"). SOP 2001-1 at 1. In this statement of policy, HUD punctuated the importance of disclosure and HUD outlined a two-part test along with other rules and guidelines for a fact-finder and HUD personnel to determine when a YSP payment is **illegal**.

### Disclosure

HUD emphasized the importance of disclosure of the YSP payment to the borrower:

"Besides establishing the two-part test for determining the legality of YSP, the SOP-1999-1 discussed the importance of disclosure in permitting borrowers to choose the best loan for themselves. . .**Timely** disclosure would permit them to shop for preferable origination costs and

1

mortgage terms and agree to those costs and terms that meet their needs." SOP 2001-1 at 5-6 [emphasis added].

### Meaningful Disclosure

HUD has also highlighted the importance of the lender disclosing **meaningful** information to the borrower early enough in the process so that the borrower can make an informed decision based upon all known fees and costs. SOP 2001 at 15. "While the disclosure on the GFE and HUD-1 is required, the Department is aware and has stated that the current GFE/HUD-1 disclosure framework is often insufficient to adequately inform consumers about yield spread premiums. . ." SOP 2001-1 at 16.

### Unearned Fees

In addition to disclosure, the two-part test HUD has outlined for determining whether a YSP payment is illegal is comprised of the following components: 1) whether goods or facilities were actually furnished or services were actually performed for the compensation paid and 2) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed. SOP 2001-1 at 10.

In further clarifying the **first** prong of the two-part test, HUD stated [in relevant part]:

"Section 8 [of RESPA] prohibits the giving and accepting of fees, kickbacks or things of value for the referral of settlement services and also unearned fees. It is therefore prudent for a lender to take action so as to ensure brokers are performing 'compensable services**.**' Further, HUD pointed out that it is concerned that a fee for steering a customer to a particular lender could be disguised as compensation for 'counseling-type' activities. . .HUD stated it would be satisfied that no steering occurred if it found that:

Counseling gave the borrower the opportunity to consider products from at least three different lenders; the entity performing the counseling would receive the same compensation regardless of which lender's products were ultimately selected; **and** [emphasis added] any payment made for the "counseling-type" services is reasonably related to the services performed and not based on the amount of the loan business referred to a particular lender." SOP 1999-1, section C.

### B. Greenpoint's YSP Payment to Amierwest was in Violation of RESPA Because Greenpoint Did Not Provide Mr. Allan With Adequate Disclosure

The only disclosure about the terms, conditions and fees about the Greenpoint loan that were disclosed to Mr. Allan were from representations made by an agent for Ameriwest. Mr. Allan was told that the total broker fee would be $3,000.00 and no disclosure was made of any sort about a YSP payment or how this would have an adverse affect on the terms, conditions, fees, interest and expense of the loan Mr. Allan was to be receiving. [Complaint ¶20, 40-43]. No explanation, definition, or reference was made of or to a YSP payment prior to its cryptic reference (at the 11th hour) on the GFE and the HUD-1. [Complaint ¶40-43].

2

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

Greenpoint did not provide Mr. Allan with timely disclosure that Greenpoint was going to pay a YSP fee of $19,200.00 to Ameriwest. Greenpoint did not disclose to Mr. Allan that this YSP fee was related to and would affect the terms, conditions, fees, costs and interest rate associated with the loan. [Complaint ¶40-43].

Under Section 8 of RESPA as explained by SOP 2001-1, Greenpoint should have made timely disclosure to adequately inform Mr. Allan about the true nature of the additional fees and costs associated with the YSP payment. [Complaint ¶40].

YSP is an esoteric term known to only a few mortgage brokerage and banking industry insiders and few others. Many real estate industry professionals are not aware of YSP or its meaning. In most cases a fact-finder would agree that a covert reference to a YSP made for the first and only time on the GFE and HUD-1 would not be a sufficient disclosure to adequately inform most real estate industry professionals about the true cost of their loan. Surely in the great majority of cases this limited disclosure would not provide industry outsiders with enough time or information to make a truly informed decision about which loan product was truly right for them.

### C. Greenpoint's YSP Payment to Ameriwest Was in Violation of RESPA Because Greenpoint Did Not Take Action to Ensure Ameriwest Performed Compensable Services

Ameriwest's actions in conjunction with Greenpoint's loan to Mr. Allan did not meet the standard of, 'compensable services' as required under RESPA and as clarified by SOP 1999-1 and SOP 2001-1. Under RESPA, Greenpoint is charged with a duty of ensuring that when it makes a YSP to a mortgage broker, that the mortgage broker has actually performed a compensable service. SOP 2001-1 at 12. Ameriwest did not perform a compensable brokerage service, but rather merely steered Mr. Allan to Greenpoint so that Ameriwest could receive the YSP of $19,200.00. [Complaint ¶35].

Ameriwest did not counsel Mr. Allan about the opportunity to consider products from at least three different lenders and Ameriwest's compensation was not tied to any service but rather was based on rate sheet, i.e. the higher the interest rate the better the kickback from Greenpoint to Ameriwest. [Complaint ¶35-40].

Defendant Greenpoint paid the Mortgage-Brokerage Defendants a fee for referrals. [Complaint ¶35]. This YSP was not to compensate brokers for actual services rendered: Greenpoint's determination of the amount of the YSP payment it would make to the Broker-Defendants was the loan's interest rate. **Greenpoint admits that the YSP it made in this case is: "A lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate. . ." [Greenpoint's Motion at 2, footnote 1]**.

The mortgage-broker expends the same amount of effort and provides the same quality and quantity of service whether it originates an above par (higher interest rate) loan, a par loan, or a below par (lower interest rate) loan. Because the mortgage broker receives a YSP only when it originates an above par loan, the only "service" for which the YSP is compensation is the

3

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

broker's "service" of referring an above par loan to the lender. However, referring loan business, even valuable business, is not a service for which RESPA permits payment. 12 U.S.C. § 2607(f). Greenpoint's payment of the YSP to the Broker-Defendants thus violates RESPA. [Complaint ¶46].

In *Culpepper vs. Irwin Mortgage Corporation* 253 F.3d 1324 (11th Circuit) 2001, the 11th Circuit Court of Appeals upheld certification of a class in a case alleging that YSP payments violated Section 8 of RESPA where the defendant lender. . .paid YSPs to the mortgage brokers based solely on the broker's delivery of above par interest rate loans. The court concluded that the jury could find that YSPs were illegal kickbacks or referral fees under RESPA where the lender's payments were based exclusively on interest rate differentials reflected on rate sheets and the lender had no knowledge of what services, if any, the broker performed. SOP 2001-1 at 5.

### D. An FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim is Viewed With Disfavor and is Rarely Granted

A court considering a 12(b)(6) motion must construe the complaint in the light most favorable to the plaintiff. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cellars v. Pacific Coast Packaging, Inc.* 189 F.R.D. 575, 577-578 (D.Cal. 1999). "A complaint must be construed on the assumption that all the allegations in the complaint are true. . .On a motion to dismiss, courts must assume that all general allegations embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School District,* 37 F.3d 517, 521 (9th Cir. 1994). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources v. Tatum,* 58 F.3d 1101, 1109 (6th Cir. 1995).

Paragraphs 15-43 of Mr. Allan's Complaint provide a detailed account of the chronology of events, Greenpoint's involvement and the material facts necessary to support Mr. Allan's allegation that Greenpoint violated RESPA by paying a kickback referral fee, prohibited by Section 8 of RESPA, 12 U.S.C. §2607, in the form of a yield spread premium, to the Broker-Defendants. Paragraph 44 of the Complaint states, "All paragraphs of this Complaint are incorporated herein as if fully restated." (Complaint ¶ 44). Mr. Allan's incorporation of the General Allegations into the First Cause of Action in this matter is clearly stated and a sufficient manner of pleading including the necessary factual allegations required to support this cause of action against Greenpoint.

Paragraphs 15-43 of Plaintiff's Complaint contain numerous, specific, material factual allegations that support Plaintiff's First Cause of Action against Greenpoint as has been detailed in Section II (A-C) above.

"The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. In answering the question, the Court must assume that the Plaintiff's allegations are true and must

4

draw all reasonable inferences in the plaintiff's favor." *Maganallez vs. Hilltop Lending Corporation,* 505 F. Supp. 2d 594, 600 (D.Cal. 2007).

Here, the Plaintiff, Mr. Allan, has provided sufficient material factual allegations to support his assertion that a RESPA violation has occurred. The reasonable inference to be drawn from the facts as pleaded in Mr. Allan's Complaint is that Greenpoint paid the Broker-Defendants a YSP fee of $19,200.00 in exchange for the Broker-Defendants steering Mr. Allan into a higher interest rate loan. Greenpoint's referral fee was an illegal kickback in violation of RESPA because it was made in exchange for the Broker-Defendants steering Mr. Allan into a higher interest rate loan and not for compensable services. Furthermore, Greenpoint did not make meaningful or timely disclosure of this payment such that Mr. Allan would have had a chance to shop for preferable origination costs and mortgage terms and was not given sufficient time or information to agree to those costs and terms.

If this Court accepts the facts alleged in the Complaint as true, as required at this pleading stage, these facts support a finding that Greenpoint paid an illegal kickback to the Broker-Defendants.

### III.  CONCLUSION

Based on the foregoing reasons, the Plaintiff, Mr. Allan, requests that Defendant Greenpoint's Motion to Dismiss and Request for a More Definite Statement be denied. In the alternative, if the Court finds sufficient basis to grant Defendant's Motion to Dismiss, Plaintiff respectfully requests leave to amend his complaint.

Dated: May 21, 2008                                          **SCOTT FLAXMAN LAW**


                                                By:  / s /     Scott A. Flaxman
                                                       **Scott A. Flaxman**
                                                    Attorney for Plaintiff Karim Allan

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

s/Scott A. Flaxman_____
Scott A. Flaxman

**KARIM A. ALLAN'S OPPOSITION TO GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE COMPLAINT [FRCP 12(b)(6)] AND ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**