RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390
Fax (415) 878-3595
ron.arlas@greenpoint.com

EDWARD R. BUELL, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, Ca. 94945
(415) 878-5616
Fax (4150 878-3593
ted.buell@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTICT OF CALIFORNIA

| KARIM A. ALLAN, | Case No. 3:08-cv-01534-MHP |
|---|---|
| Plaintiff, | [Assigned for all purposes to Judge Marilyn Hall Patel] |
| vs. | GREENPOINT MORTGAGE FUNDING, INC.'S SCHEDULING CONFERENCE STATEMENT |
| CORORATION SERVICE COMPANY, et al, | Date: July 21, 2008 |
| | Time: 4:00 p.m. |
| Defendant. | Courtroom: 15 (18th Floor) |

Defendants, GREENPOINT MORTGAGE FUNDING, INC. ("GPM"), hereby submits this Scheduling Conference Statement pursuant to Civil Local Rule 16-9.

Defendant GPM, submits this Scheduling Conference Statement individually as Plaintiff has not yet provided GPM with a copy of the proposed joint scheduling report as of Tuesday July 15, 2008. *See* Declaration of Ronald M. Arlas.

Plaintiff's Complaint contains a total of four (4) causes of action, only the first of which is alleged against defendant GPM. The first cause of action is for an alleged violation of the Real Estate Settlement and Procedures Act ("RESPA") which is codified at 12 U.S.C. §2601 *et seq*. The second, third and fourth causes of action in the complaint are not alleged against defendant GPM and therefore are not relevant to said defendant.

### 1. JURISDICTION AND SERVICE:

Federal subject matter jurisdiction is proper in this matter pursuant to 28 U.S.C. §1331 based on the Federal Question raised in the first and only cause of action against GPM. The first cause of action is based on the allegation that GPM violated federal law under RESPA.

Plaintiff has properly served GPM who is delaying its response to the Complaint (in the form of a Motion to Dismiss) until after the date of the initial scheduling conference based on an agreement by the parties. Pursuant to the Standing Order of the Honorable Judge Marilyn Hall Patel, Motions to Dismiss shall not be filed before the initial Case Management Conference except by leave of Court. The parties agreed that it would be more beneficial to each side to delay the filing of GPM's Motion to Dismiss until after the initial conference was held.

On June 4, 2008, Plaintiff voluntary dismissed Capital One, N.A. (originally named and served as Capital One Services) and Andrew J. Gale. *See* Document 25. GPM is informed and believes that Plaintiff has thus far failed to locate and serve defendants Ramon Limcuando Gil, Christina Tagle and Ameriwest Funding.

### 2. STATEMENT OF RELEVANT FACTS:

Plaintiff KARIM A. ALLAN ("ALLAN") has filed a Complaint against numerous defendants including GreenPoint Mortgage Funding, Inc. ("GPM"). The Complaint contains a total of four causes of action, all of which seek recovery based on alleged misconduct of defendants in funding two separate loans to plaintiff (the "Allan Loans") that were secured by the real property

located at 1719 Kehoe Ave. San Mateo, CA 94401 (the "Property"). Plaintiff alleges that GPM violated the Real Estate Settlement and Procedures Act ("RESPA") by paying to defendants AMERIWEST, GIL and/or TAGLE, hereinafter "the BROKER DEFENDANTS", a "fee, kickback, or thing of value" relating to the making of the loans and/or "giving or accepting a portion, split or percentage of charges made or received" for the services of the BROKER DEFENDANTS. These are the <u>only</u> two charging allegations against GPM that appear in the Complaint. Plaintiff provides no other support for his contention that GPM has violated RESPA. Based on his broad and unsupported conclusionary statements, plaintiff is seeking recovery against GPM.

It cannot be disputed by Plaintiff that the BROKER DEFENDANTS provided services during the loan origination process for the Allan Loans. The compensation for an independent broker often comes in part from the lender. As is customary in lending practices, it was clearly and adequately disclosed to plaintiff before funding that the BROKER DEFENDANTS would be receiving compensation in the form of a yield spread premium, which is not an illegal fee, kickback or thing of value under 12 U.S.C. 2607 or any other part of the Real Estate Settlement Procedures Act ("RESPA"). Based on the indisputable material facts, the compensation paid by GPM to the BROKER DEFENDANTS was for services actually provided and therefore was clearly permitted under RESPA.

GPM contends that this lawsuit is frivolous and completely without merit. No material facts exist that will allow Plaintiff to overcome his initial burden of proving that the payment made by GPM to the BROKER DEFENDNATS violated RESPA. Based on the foregoing, plaintiff has no grounds for bringing this action as against GPM.

**3. LEGAL ISSUES:**

Plaintiff's sole legal argument against GPM is that it violated RESPA by paying the BROKER DEFENDANTS a "fee, kickback or thing of value" as a referral fee for the Allan Loans.

This legal issue has been heavily litigated and regulated with consistent results and it has been clearly established by the Courts that a payment from a lender to a broker as part of a loan transaction is not a per se violation of RESPA.

No other legal issues currently exist with regard to GPM.

**4. MOTIONS:**

GPM is prepared to file a Motion to Dismiss the entire Complaint as against GPM. However, pursuant to the Standing Order of the Honorable Judge Marilyn Hall Patel, Motions to Dismiss shall not be filed before the initial Case Management Conference except by leave of Court. Based on this Standing Order, Plaintiff and GPM have agreed that it would be more beneficial to each side to delay the filing of GPM's Motion to Dismiss until after the initial conference was held. Therefore, GPM's Motion to Dismiss has yet to be filed and is currently not pending before this Court.

**5. AMENDMENT OF PLEADINGS:**

GPM is unaware of any plans of Plaintiff to amend or voluntarily dismiss any of the pleadings.

**6. Evidence Preservation:**

GPM has voluntarily produced all documents relevant to this action to Plaintiff pursuant to the Rule 26 initial disclosure requirement. Said documents include the entire loan origination file as well as all servicing materials that GPM has regarding the Allan Loans. At this time, GPM is not aware of any additional data or documents in its possession that would be relevant to this action based on the minimal allegations raised by Plaintiff in the Complaint.

**7. Disclosures:**

Plaintiff and GPM held a meet and confer as required by Rule 26. On June 24, 2008, GPM served Plaintiff with its Initial Disclosures including copies of all documents requested by Plaintiff at

the meet and confer. As of the date of this document (July 15, 2008) GPM has yet to receive an Initial Disclosure Statement from Plaintiff or any of the documents requested from Plaintiff at the meet and confer as required by Rule 26(a)(1). GPM has repeatedly requested Plaintiff to provide GPM with the requested documents with no success.

**8. Discovery:**

To date no formal discovery has been exchanged between the parties. As stated above, GPM has already voluntarily provided Plaintiff with all relevant and discoverable documents pursuant to the Rule 26 initial disclosure requirements. Plaintiff has failed thus far to provide any documents or initial disclosures to GPM.

**9. Related Cases:**

None.

**10. Relief Sought by Plaintiff:**

According to the prayer contained in the Complaint, Plaintiff seeks relief against GPM for treble damages and costs for RESPA violations. As stated in sections 2 and 3 above, there is no merit to Plaintiff's claims and therefore GPM is not liable for any damages to Plaintiff. With that said, in order to the meet the requirements of the Standing Order, assuming liability of GPM is somehow established by Plaintiff, relief should be calculated as prescribed in 12 U.S.C. §2607.

12 U.S.C. §2607(d) provides six (6) remedies and penalties for a violation of RESPA. However, excluding item (5) providing for costs and reasonable attorneys fees to the prevailing party, Plaintiff is not entitled to any of the six remedies provided for by RESPA. Specifically, item (6) is a pre-emption of more stringent state claims, item (4) provides relief for the State, and item (3) provides an exemption to the penalties. Item (1) provides for a penalty in the form of a fine to be imposed on the violating party, which would not be paid to Plaintiff. Finally, with regards to item (2) a YSP is not a settlement service as it is (a) not a required or necessary service in order to settle

(or close) a loan, and (b) it is not paid by the borrower, it is paid by the lender. RESPA was enacted to prevent "fees, kickbacks, or things of value" that are paid to a third party at closing, but are charged to the borrower. Consequently, the claims of Plaintiff as stated in the Complaint cannot and do not entitle Plaintiff to relief under RESPA.

Based on the foregoing, the only relief that Plaintiff is entitled to on his Complaint is fees and costs for his attorney. However, Plaintiff is only entitled to fees and costs if he can show that he is entitled to some other relief, which he cannot do. Plaintiff can derive no benefit from continuing this lawsuit against GPM based on the remedies allowed by 12 U.S.C. 2607. Consequently, he is missing an essential element to the sole cause of action against GPM, namely damages.

## 11. Settlement and ADR:

GPM has informed Plaintiff that it is willing to participate in ADR. As of the date GPM prepared this statement, Plaintiff has yet to provide GPM with a prepared Stipulation Selecting ADR Process.

## 12. Consent to Magistrate Judge for All Purposes and Other References:

The parties have not consented to a Magistrate Judge in this matter. This matter is not suitable for binding arbitration, a special master or a Judicial Panel on Multidistrict Litigation.

## 13. Narrowing of Issues:

Plaintiff has not offered any suggestion of narrowing the issues. Based on Sections 2 and 3 above, it is GPM's position that Plaintiff cannot dispute the material facts that the BROKER DEFENDANTS performed services relating to the funding of the Allan Loans and that the compensation in the form of a YSP was reasonably related to those services. Therefore as a matter of law, GPM did not violate RESPA and should be dismissed from this action.

///

///

**14. Expedited Schedule:**

Based on Sections 2 and 3 above, GPM plans on bringing a Motion for Summary Judgment in the event that GPM's planned Motion to Dismiss does not wholly dispose of this action. Based on Plaintiffs inability to overcome his burden of demonstrating that, as a matter of law, GPM did not violate RESPA, this matter could be streamlined through the use of dispositive motions.

**15. Scheduling:**

Depending on the outcome of GPM's planned Motion to Dismiss, GPM would propose the following Schedule: (1) Designation of Experts to be completed by January 5, 2009, (2) Discovery Cutoff to be completed by June 15, 2009, (3) Hearing of Dispositive Motions to be completed by June 15, 2009, and (4) Trial to be commenced by July 20, 2009.

**16. Trial:**

GPM does not request a jury and expects trial, as to GPM, to take no longer than 1-2 days.

**17. Disclosure of Non-Party Interested Entities of Persons:**

GPM has already filed a Certification of Interested Entities or Persons. The information contained in said certification is as follows:

> "1. GREENPOINT MORTGAGE FUNDING, INC., ("GPM") initially funded both ALLAN loans. It then sold first loan to Lehman Brothers Bank and transferred the servicing rights to GMAC Mortgage, LLC. It then sold the second loan to Countrywide Securities and transferred the servicing rights to Countrywide Home Loans. GPM has had no financial or proprietary interest in either of the ALLN loans since April 10, 2007 at the latest. GPM has no knowledge as to whether or not Lehman Brothers or Countrywide Securities has subsequently sold the loans or transferred any servicing rights. Plaintiff would know who currently services his loans unless he has defaulted on his loans. Plaintiff should have named his current servicers if one of his goals is to attempt to modify either or both of his loans.
> 2. CAPITAL ONE, N.A. has never had any financial or non-financial interest in either of the ALLAN loans that could be substantially affect by the outcome of the proceeding."

As stated above, Plaintiff has voluntarily dismissed Capital One, N.A. who was initially served as Capital One Services.

**18. Other Items:**

GPM has informed Plaintiff's counsel that the application submitted by Plaintiff to GPM for the Allan Loans contained false, fraudulent inaccurate or erroneous information. Specifically, the loan applications state that Plaintiff earned a monthly income of $17,000. GPM is informed and believes that Plaintiff never earned this amount of monthly income and the Allan Loans were procured through fraud. Based on the foregoing, GPM will plan to file a cross-complaint against Plaintiff for Fraud at such time as an answer to the Complaint is required.

DATED: July 14, 2008

/s/
RONALD M. ARLAS, ESQ.
Attorney for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

///
///
///
///
///
///

### DECLARATION OF RONALD M. ARLAS, ESQ.

I, RONALD M. ARLAS, do hereby declare:

1. That I am an attorney licensed to practice before all of the courts of the State of California and that I am the attorney for GREENPOINT MORTGAGE FUNDING, INC., hereinafter "GPM", one of the defendants herein.

2. I am aware that this Scheduling Conference Statement should be prepared and filed jointly, but though I have sent numerous emails asking plaintiff's counsel to forward a proposed draft, I have received nothing to date. Thus, we are filing GPM'S proposed Scheduling Conference Statement so as to make the Court's deadline.

I declare under penalty of perjury that the foregoing is true and correct and that if called as a witness, would testify competently hereto.

Executed this 15th day of July, 2008 at Novato, California.

                                                  /s/
                                          RONALD M. ARLAS, ESQ.