SCOTT A. FLAXMAN (SBN 241285)
**SCOTT FLAXMAN LAW**
21 Buena Vista Road
South San Francisco, California 94080
Telephone: (415) 571-0582
Facsimile:  (650) 952-0409
scottf@scottflaxmanlaw.com

**ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| KARIM A. ALLAN<br><br>Plaintiff<br><br>vs.<br><br>**GREENPOINT MORTGAGE FUNDING**, et al.<br><br><br><br>Defendants | Case No.: 3:08-cv-01534-MHP<br><br>[Assigned for all purposes to the Honorable Judge: Marilyn H. Patel]<br><br>PLAINTIFF KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT<br><br>**Date:** July 21, 2008<br>**Time:** 4:00 p.m.<br>**Courtroom:** 15, (18th Floor) |

Pursuant to Fed. R. Civ. P. 16(c) and 26(f) and Civil Local Rule 16-9, the Plaintiff, Karim A. Allan ("Mr. Allan") submits the following Case Management Statement.

1

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

1. **Jurisdiction and Service**

Personal jurisdiction over Defendants is proper before this Court. Mr. Allan's Complaint contains four causes of action. Counts one and two arise under and are brought pursuant to the Federal Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. (hereinafter "RESPA"); thus federal subject matter jurisdiction is properly founded upon 28 U.S.C. §1331. This Court has supplemental jurisdiction over the pendent state claims, set out in Counts 3 and 4 pursuant to 28 U.S.C. §1367.

Mr. Allan properly served Defendant Greenpoint Mortgage Company. ("Defendant Greenpoint"). Defendant Greenpoint filed a Motion to Dismiss with this Court on May 14th, 2008. Mr. Allan has filed a Memorandum in Opposition to Defendant Greenpoint's Motion to Dismiss, and a Proposed Order Denying Defendant Greenpoint's Motion to Dismiss.

On May 23rd, 2008, Mr. Allan filed his consent to proceed before a US Magistrate Judge.

On May 28th, 2008, Mr. Allan filed his Declaration in support of Plaintiff's Opposition to Defendant Greenpoint's Motion to Dismiss.

On May 28th, 2008 Defendant Greenpoint filed its Declination to Proceed Before a U.S. Magistrate Judge.

On May 30th, 2008 Mr. Allan filed a Certificate of Service with this Court on Christina Tagle.

On July 15th, 2008, Defendant Greenpoint filed a "Scheduling Conference Statement" with this Court.   In that Statement Defendant Greenpoint stated, ". . . GPM [Defendant Greenpoint] is informed and believes that Plaintiff has thus far failed to locate and serve defendants Ramon Limcuando Gil, Christina Tagle and Ameriwest Funding." ("Broker Defendants").

2.  **Statement of Facts**

   Defendant Greenpoint paid the Broker-Defendants an illegal kickback for steering the Plaintiff, Mr. Allan into a high interest rate loan.    This kickback, in the form of a Yield Spread Premium Payment ("YSP"), was illegal because it was not meaningfully disclosed and because it was paid in exchange for steering Mr. Allan into a high interest rate loan. The YSP was NOT paid in compensation for the Broker-Defendants rendering any actual services.  Defendant Greenpoint's determination of the amount of the YSP payment it would make to the Broker-Defendants was the loan's interest rate.  Defendant Greenpoint has **admitted** that the YSP it made in this case is, "A lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate. . ".[Greenpoint's May 14, 2008 Motion to Dismiss at 2, footnote 1].

Because Defendant Greenpoint's only reason for making the YSP to the Broker-Defendants was because the Broker-Defendants had originated an above par loan, the only "service" for which the YSP was made in this case was the Broker-Defendant's "service" of referring an above par

loan to the lender.    However, referring loan business, even valuable business is not a service for which RESPA permits payment. 12 U.S.C. §2607(f).  Furthermore, Defendant Greenpoint and the Broker-Defendants failed to inform Mr. Allan, in a reasonably meaningful way, that Defendant Greenpoint was making this YSP referral to the Broker-Defendants and that Mr. Allan would ultimately bear the cost of this YSP kick-back in the form of higher payments on a higher interest rate loan.

3. **Legal Issues**

For these reasons stated above, as well as others detailed below, Defendant Greenpoint's payment of the YSP and the Broker-Defendant's receipt of the YSP is a RESPA violation. RESPA prohibits both referral fees: "No person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. §2607(a) **and** unearned fees: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. §2603(a).

Defendant Greenpoint is confused about what is and what is not permitted under RESPA. Defendant Greenpoint states in its July 15, 2008, Scheduling Conference Statement ["Greenpoint's Statement"], " . . .it has been clearly established by the Courts that a payment from a lender to a broker as part of a loan transaction is not a per se violation of RESPA

4

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

[Greenpoint's Statement at 4]. In other words, according to Defendant Greenpoint, it is clearly established law that the payment of a kickback in exchange for a YSP referral is not a violation of RESPA, **per se**. However, Defendant Greenpoint is confused about the definition of the phrase, "**per se.**" When "the Courts" (as Defendant Greenpoint likes to say) used the phrase "per se" they meant that sometimes the YSP payment is a RESPA violation and sometimes the YSP payment is not a RESPA violation. If "the Courts" had wanted to say that the lender's payment of the YSP to a mortgage broker was always permissible they would have said so. The fact that "the Courts" have stated that a YSP payment is not a RESPA violation, *per se,* means that there are cases, such as this one, when a YSP payment **IS** a RESPA violation.

### Byars v. SCME Mortgage Bankers, Inc.

One of the "the Courts" that Defendant Greenpoint refers to is the Court in Byars v. SCME Mortgage Bankers, Inc. (2003) 109 Cal. App 4th 1134, 1141: "which held that 'The Real Estate Settlement Procedures Act of 1974 (RESPA), an act that seeks to protect real estate consumers "from unnecessarily high settlement charges caused by certain abusive practices" (12 U.S.C. §2601(a)), prohibits the payments of kickbacks or referral fees 'incident to or part of a real estate settlement service' (12 U.S.C. §2607(a), (b).' However the Court in Byars went further to explain that "RESPA **does not prohibit** 'the payment to any person of a bona fide . . . compensation or other payment for goods or facilities actually furnished or for services actually performed.' (12 U.S.C. §2607(c)(2)." Byars, supra at 1141, (emphasis added)" [Defendant Greenpoint's May 14th, 2008 Memorandum of Points and Authorities in Support of Greenpoint May 14, 2008 Motion to Dismiss at 5-6].

Thus, Defendant Greenpoint has admitted that their YSP was not 'the payment to any person of a bona fide compensation for goods or facilities actually furnished' (as Defendant Greenpoint has admitted is required under RESPA as interpreted by the Byar's Court) but rather Defendant Greenpoint made the YSP payment to the Broker-Defendants as kickback for the Broker-Defendants steering Mr. Allan into an above-par loan as explained above.[Defendant Greenpoint's May 14, 2008 Motion to Dismiss at 2, footnote 1].

In other words, Defendant Greenpoint has admitted, in its pleadings, that Mr. Allan's allegations of fact and the application of the law to the facts constitute a RESPA violation by both Greenpoint and the Broker-Defendants.

### 4. **Motions**

No motions are currently pending before the Honorable Judge Marilyn Hall Patel.

### 5. **Amendment of Pleadings**

Plaintiff may amend his pleadings.

### 6. **Evidence Preservation**

Plaintiff has preserved his loan documents for use in this litigation

### 7. **Disclosures**

Mr. Allan has repeatedly requested information about Defendant Greenpoint's co-Defendants: Defendant Ameriwest and Defendant Ramon Limcuando Gil. Defendant Greenpoint has stated

that Defendant Greenpoint refuses to give any information it has regarding these two defendants. Defendant Greenpoint inaccurately stated in its July 15th, 2008 Scheduling Conference Statement that Mr. Allan has "thus far failed to locate and serve defendants Ramon Limcuando Gil, Chrisinta Tagle and Ameriwest Funding." [Greenpoint's Statement at 2] Defendant Greenpoint is fully aware that Defendant Christina Tagle has been served because the Certificate of Service by Karim A. Allan on Christina Tagle was filed with this Court on May 30th, 2008 and is easily viewed on the docket.

It is correct that Mr. Allan is having trouble locating Ramon Limcuando Gil (Defendant Gil) and for this reason we have requested information regarding Defendant Gil from Defendant Greenpoint.

8. **Disclosures**

Defendant Greenpoint has refused to disclose any information that it has about Defendants Ramon Lumcuando Gil and Ameriwest Funding.

9. **Related Cases**

   None.

10. **Relief Sought By Plaintiff**

Mr. Allan has brought a total of four causes of action. Under Count 1, against Defendant Greenpoint, Mr. Allan seeks treble damages and costs for RESPA violations and for any other relief this court determines is just and appropriate. Under Count 2, Mr. Allan seeks treble

damages and costs for RESPA violations and for any other relief this court determines is just and appropriate. Under Count 3, Mr. Allan seeks actual damages, imposition of a constructive trust upon the proceeds of the transactions as were paid to Defendant Ameriwest, Defendant Gil and Defendant Tagle, and an order requiring disgorgement of all proceeds paid to Defendant Ameriwest, Defendant Gil and/or Defendant Tagle and to punitive damages for breach of fiduciary duty. Under Count 4 against Defendant Ameriwest, Defendant Gil and Defendant Tagle actual damages for Deceit and all such other relief to which Mr. Allan may be entitled or as determined just and appropriate by this court.

**Special Note On Defendant Greenpoint's Comments on Relief Sought by Plaintiff**

Defendant Greenpoint is confused about Mr. Allan's allegations and what is and what is not allowed under RESPA. Defendant Greenpoint states, ". . .Finally, with regards to item (2) a YSP is not a settlement service as it is (a) not a required or necessary service in order to settle (or close a loan), and (b) it is not paid by the borrower, it is paid by the lender. RESPA was enacted to prevent, "fees, kickbacks, or things of value" that are paid to a third party at closing, but are charged to the borrower. Consequently the claims of Plaintiff as stated in the Complaint cannot and do not entitle Plaintiff to relief under RESPA." [Greenpoint's Statement at 5-6].

Defendant Greenpoint is clearly confused by RESPA's admonition that, "No person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. §2607(a). The YSP payment in this case from Defendant Greenpoint to the Broker-Defendants

8

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

was the kickback. A "settlement service" is any service provided in connection with a real estate settlement including, but not limited to. . .the origination of federally related mortgage loans (including but not limited to the taking of loan applications, loan processing and the underwriting and funding of loans)." 12 U.S.C. §2602(3); 24 C.F.R. §3500.2.

Here, the YSP kickback was made incident to the loan underwriting and loan funding process which were the settlement services. Defendant Greenpoint has already admitted that it funded Mr. Allan's loans so there is no, truthful factual dispute about the settlement service issue. Finally, the Broker-Defendants referred Mr. Allan to Defendant Greenpoint for a high-interest rate loan and Defendant Greenpoint paid the Broker-Defendants a YSP kickback in exchange for this referral, the very definition of a YSP payment as admitted by Greenpoint and as detailed above.

RESPA prohibits unearned fees: "No person shall give and no person shall accept any portion, split or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. §2607(b). The impermissible YSP kickback from Defendant Greenpoint to the Broker-Defendants was paid for by Mr. Allan. Mr. Allan is paying for the YSP through high loan payments he makes every month on his high interest loan. As Defendant Greenpoint has already admitted, but for the Broker-Defendants originating an above-par loan, Defendant Greenpoint would not have make the kickback to the Broker-Defendants and Mr. Allan would not have been paying for this kickback in his high monthly loan payments.

Furthermore, Defendant Greenpoint has admitted that the Broker-Defendants did not perform a compensable service in exchange for the YSP, as required under 12 U.S.C. §2607(b), but rather

made the payment in exchange for the Broker-Defendants originating an above-par interest rate loan.

11. **Settlement and ADR**

Mr. Allan and Defendant Greenpoint have had numerous conversations, including many in written e-mails about ADR. Specifically, Mr. Allan and Defendant Greenpoint have agreed to Mediation.  Despite frequent requests, it was not until July 15th, 2008 (just before Defendant Greenpoint filed their Scheduling Conference Statement) that Defendant Greenpoint agreed to a <u>specific</u> type of Mediation, i.e. private Mediation and supplied the name of a private Mediator that Defendant Greenpoint had stated, in writing, they were going to supply for a number of days but inexplicably did not supply.

Mr. Allan is amenable to ADR via private Mediation.

12. **Consent to Magistrate Judge for All Purposes and Other References**

Mr. Allan HAS consented to a Magistrate Judge in this matter.  Defendant Greenpoint has NOT consented to a Magistrate Judge.

13. **Narrowing of Issues**

As detailed above, Defendant Greenpoint has admitted that they paid a kickback YSP in exchange for the Broker-Defendant's referral of Mr. Allan's above-par interest rate loans which were funded by Defendant Greenpoint and not in exchange for any compensable service.  Thus, Defendant Greenpoint, in its pleadings, had admitted that both the facts and the law as applied to

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

those facts, and as interpreted by at least one court, that Greenpoint's actions in this case were in violation of RESPA.

**<u>Other Factual Issues Still in Dispute</u>**

Mr. Allan alleges that the YSP was not meaningfully disclosed to Mr. Allan, however, Defendant Greenpoint disputes this material fact.  Mr. Allan alleges that Greenpoint's settlement statement did not "clearly and conspicuously itemize all charges imposed upon the borrower…in connection with the settlement," as required under 12 U.S.C. §2603(a); however Defendant Greenpoint disputes this material fact.

Mr. Allan alleges that he had no understanding and received no explanation of the fact that that the YSP kickback was paid indirectly by Mr. Allan through a higher interest rate than he was otherwise qualified for and than Defendant Greenpoint would have otherwise approved for him. Defendant Greenpoint disputes this material fact.

Mr. Allan was not advised in a manner that he was reasonably capable of understanding that there was a pre-payment penalty on the new loans.  Defendant Greenpoint disputes this material fact.

14. **<u>Expedited Schedule</u>**

As detailed above, Defendant Greenpoint has already admitted in its pleadings that it has committed a RESPA violation.  Mr. Allan may bring a partial summary judgment against Defendant Greenpoint on some issues, but there are still material factual disputes on other issues.

15. **Scheduling**

1) Discovery Cutoff to be completed by July 15, 2009 (2) Designation of Experts to be completed by February 15, 2009, (3) Hearing of Dispositive Motions to be completed by July 15, 2009 and (4) Trial to be commenced by August 15, 2009.

16. **Trial**

Mr. Allan does request a jury trial and expects the total trial length to be three days.

17. **Disclosure of Non-Party Interested Entities of Persons:**

N/A

18. **Other Issues**

Mr. Allan has informed Defendant Greenpoint that Defendant Greenpoint's highly irregular "loan applications" contain false, fraudulent and inaccurate or erroneous information that was supplied by either the Broker-Defendants; Defendant Greenpoint or a conspiracy between the Broker-Defendants and Defendant Greenpoint.  Specifically the monthly income page of the Greenpoint Loan Applications have a black rectangular box covering the area where initials are supposed to be placed on a normal Freddie Mac/Fannie Mae Loan form and the erroneous monthly income, i.e. $17,000.00 is approximately the same erroneous monthly income that has appeared on other Greenpoint Loan forms for other borrowers which Greenpoint arranged to have steered to Greenpoint.  These other borrowers "came" to Greenpoint through brokerages other than that of the Broker-Defendants in this case; thus Greenpoint has a pattern and practice of having false, fraudulent and erroneous monthly income figures in its borrowers "loan

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

applications" with the monthly income figures located on doctored Freddie Mac/Fannie Mae forms which have black rectangular squares covering the area of the form where initials are, in normal loan applications, supposed to be placed.

Based on the foregoing, Mr. Allan intends to amend his complaint to bring an allegation of Fraud, Civil RICO and other appropriate causes of action against Defendant Greenpoint and/or the Broker-Defendants.

Respectfully submitted by:                           **SCOTT FLAXMAN LAW**

Dated: July 16, 2008

                                              By:    / s /     Scott A. Flaxman
                                                        **Scott A. Flaxman**
                                          Attorney for Plaintiff Karim A. Allan

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

## **DECLARTION OF SCOTT A. FLAXMAN, ATTORNEY AT LAW**

I, Scott A. Flaxman, do hereby declare:

1. I am an attorney licensed to practice law in the State of California and have been admitted to practice before the bar of this Court.  I am the attorney of record for the Plaintiff, Karim A. Allan ("Mr. Allan").

2. I am aware that this Scheduling Conference Statement should be prepared jointly and filed jointly, but though I have sent numerous e-mails requesting important information from Defendant Greenpoint's attorneys, I was told that some of the information would be forthcoming on a number of occasions (was subsequently inexplicably delayed) and other information I was told I would never be receiving. For example, one of Defendant Greenpoint's attorneys told me that they would not give me any information regarding Ramon Limcuando Gil ("Defendant Gil") because according to Defendant Greenpoint's attorney they were not going to give me this information because I needed to be able to reach Defendant Gil to move forward with the case and Defendant Greenpoint was not going to help me to do that.

3. I am filing Mr. Allan's, individual, Case Management Statement to make the Court's deadline.

4. It is interesting to note that Defendant Greenpoint in its July 15, 2008 Scheduling Conference Statement  (at page 2) specifically point out that Ramon Limcuando Gil has not been served.

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

Oddly, however, in Defendant Greenpoint's same July 15, 2008 Scheduling Conference Statement (page 2, at lines 19-22) Defendant Greenpoint states that Defendant Greenpoint is informed and believes that Christina Tagle has NOT been served. The Civil Docket Report for this case, 3:08-cv-01534, document #23 clearly indicates that Christina Tagle was served and that a Certificate of service was returned on May 30, 2008 for Christina Tagle. It is unclear why Defendant Greenpoint would make this misstatement.

I declare under the penalty of perjury that the foregoing is true and correct and that if called as a witness, would testify competently hereto.

Executed on this 16th day of July, 2008 at South San Francisco, California

                                          s/Scott A. Flaxman
                                             Scott A. Flaxman

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

s/Scott A. Flaxman_____
Scott A. Flaxman

**KARIM A. ALLAN'S CASE MANAGEMENT STATEMENT**