UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARIM ALLAN,                      No. C 08-1534 MHP

        Plaintiff,

  v.                                 **MEMORANDUM & ORDER**

GREENPOINT MORTGAGE FUNDING, et al.                  **Re: Defendant Ramon Gil's Motion to Dismiss**

        Defendants,
_____/

        Plaintiff Karim Allan ("Allan") brought this action against defendants GreenPoint Mortgage Funding ("GreenPoint"); Ameriwest Funding ("Ameriwest"), a mortgage broker; Ramon Gil ("Gil"), a broker for Ameriwest; and Christina Tagle ("Tagle"), an employee of Ameriwest, challenging defendants' conduct in obtaining the refinancing for Allan's home in late 2006. Allan's First Amended Complaint ("FAC") asserts six causes of actions against the defendants: (1) violation of the Real Estate Settlement Procedures Act ("RESPA") and related regulations, 12 U.S.C. §§ 2603, 2607, 24 C.F.R. §§ 3500.7, 3500.14;  (2)  violation of the Truth-in-Lending Act ("TILA") and related regulations; 15 U.S.C. § 1601 *et seq.*, 12 C.F.R. §§ 226.16-226.19;  (3) violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-62; (4)  violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604; (5) deceit under Cal. Civ. Code §§ 1709-10; and  (6) breach of fiduciary duty. On July 27, 2010, the court granted summary judgment in favor of GreenPoint. Now before the court is Gil's motion to dismiss the FAC. Having considered the arguments of the parties and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Allan owned real property located in San Mateo, CA, where he also resided.[1] Docket No. 38 (FAC) ¶ 14. In or around the spring or summer of 2006, defendant Tagle, an employee of Ameriwest, approached Allan about the possibility of refinancing his home loans and told Allan he could get lower payments. *Id*. ¶ 15. Allan later became convinced and agreed to refinance his home using Ameriwest's brokering services. *Id*. ¶ 16.

As part of this process, the defendants created a set of documents and disclosures.[2] *Id*. ¶¶ 19-20. They included:

- A "Good Faith Estimate" ("GFE") of settlement costs, dated November 8, 2006. The documents list Ameriwest as the preparer. This GFE did not indicate that Allan's proposed loan would include any yield spread premium ("YSP")[3]. *Id*., Exh. 1
- A "Truth-in Lending Disclosure Statement", dated November 8, 2006. The documents list Ameriwest as the preparer. The annual percentage rate of this proposed loan is listed as 1.00%. *Id*., Exh. 2.

On November 30, 2006, Allan went to the North American Title Company office in Fremont, CA for the loan closing. *Id*. ¶ 24. Allan signed the loan documents while there. They included:

- An "Adjustable Rate Note", dated November 30, 2006. *Id*., Exh. 4
- A "Borrower's Estimated Closing Costs" (known as HUD-1), dated November 30, 2006. This HUD-1 did not indicate that Allan's loan would include any YSP. *Id*., Exh 5.

Allan did not sign any other documents after November 30, 2006. *Id*., ¶ 24. Since the loan closed, Allan made a number of mortgage payments but began to suffer negative equity. Due to negative amortization, he lost all the equity he had in his home prior to the refinancing. *Id*. ¶ 27. As a result, Allan entered into a contract to sell his home in a short sale. Allan then filed the complaint in this action on March 20, 2008. Docket No. 1 (Compl.). He filed the FAC on October 24, 2008.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1950; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Allan has failed to allege any factual allegations about Gil that would give rise to a plausible claim for relief. In fact, Gil's activities are not mentioned at all in the complaint, except in the

3

context of broad, speculative allegations. *See* FAC ¶¶ 18, 21. Allan's complaint fails to distinguish, or describe with any specificity, the actions of the individual defendants.

I.     RESPA Claim

Count 1 of the FAC alleges violations of RESPA because Allan did not receive either a GFE or a HUD-1 form disclosing the YSP that would be received by Ameriwest until after he had signed the final loan documents.

Allan's complaint does not specify which section of RESPA Allan relies upon in bringing this claim. It seems that the most applicable sections of RESPA are 12 U.S.C. § 2604(c), which requires the lender to provide a GFE, and 12 U.S.C. § 2603(a), which requires the lender to provide the HUD-1. However, neither of these sections allows a private right of action. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997).

Allan also alleges that a YSP was illegally paid. Although Allan again does not specify which section he relies upon for this aspect of his RESPA claim, the most likely section of RESPA is 12 U.S.C. § 2607, which creates liability on the part of lenders who provide kickbacks (which may include YSPs) to brokers who refer business to them, and creates liability on the persons who receive such kickbacks as well. In considering whether a YSP is legal or illegal, a court needs to ask "whether goods or facilities were actually furnished or services were actually performed for the compensation paid" and "whether the payments were reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." *Bjustrom v. Trust One Mortgage Corp.,* 322 F.3d 1201, 1207 (9th Cir. 2003). If a YSP was paid for the foregoing reasons, then it is permissible under RESPA. *See id*. at 1207-08. In this case, Allan did not allege that the YSP was paid other than for services actually performed. Even if a YSP was paid and received, Allan never alleged that defendant Gil received the payment.

Regardless, the claim is untimely. A private right of action for a violation of section 2607 must be brought within one year of the date of occurrence of the violation. 12 U.S.C. § 2614; *see also* Order Granting Mot. Summ. J. at 5-6. The violation, if any, likely occurred in late-2006, and

4

1  Allan's complaint was not filed until March 2008. *Id*.

2  In his complaint, Allan asserted that the statute of limitations against his claims should be
3  equitably tolled. Equitable toiling should be granted only if "despite all due diligence, a plaintiff is
4  unable to obtain vital information bearing on the existence of his claim."
5  *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Allan, however, failed to allege any
6  facts that support a finding that the limitations period should be equitably tolled against Gil or any of
7  the other defendants. For all the foregoing reasons, Count 1 of the FAC is dismissed.

8  II.  TILA Claim

9  Count 2 of the FAC alleges violations of TILA because the disclosures Allan received,
10 particularly the Truth-in-Lending Summary Statements, were false and misleading. 12 C.F.R. §§
11 226.17-226.19. The FAC lacks any factual allegation as to why Gil, individually, would be liable
12 for any false and misleading statements. Moreover, this claim is untimely. Claims under TILA are
13 subject to a one-year statute of limitations. 15 U.S.C. § 1604(e). The statute of limitations begins to
14 run on the date of the consummation of the loan transaction. *King v. California*, 784 F.2d 910, 915
15 (9th Cir. 1986). The loan transaction here was consummated in late-2006, and Allan did not file his
16 complaint until March 2008.

17 Allan argues that the TILA statute of limitations does not apply to Gil because Gil is not a
18 "creditor" under the section 1602(f) definition. Docket No. 105 (Opp.) at 13. If Gil is not a
19 "creditor" under this section, then civil liability under section 1640(a) would not apply anyway. For
20 all the foregoing reasons, Count 2 of the FAC is dismissed.

21 III. Civil RICO Claim

22 Allan's third claim alleges that defendants violated RICO by engaging in an unlawful
23 enterprise to defraud homeowners who were refinancing their properties. 18 U.S.C. §§ 1961-1962.

24 With regard to Gil, Allan failed to specify under which provision he is bringing his RICO
25 claim against Gil. Section 1962(c) appears to the most relevant, and it states:

5

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

There are no factual allegations that identify the enterprise or that an enterprise even existed, except for broad, conclusory assertions. FAC at 32-34. Again, Allan failed to provide any factual allegations against Gil. There are no allegations of what Gil did or what activities he engaged in. In the FAC, Gil is not specifically mentioned in the RICO section at all. The civil RICO claim does not specify what Gil did or how he might have been involved in an enterprise, and instead merely asserted broad legal conclusions. For all the foregoing reasons, Count 3 of the FAC is dismissed.

IV.     Fair Housing Act claim

Allan's fourth claim asserts that Gil violated the Fair Housing Act by discriminating against Allan on the basis of his Palestinian origin. 42 U.S.C. § 3601 *et seq*. Allan did not specify which section of FHA his claim is based on. The court need not accept legal conclusions that are masked as factual allegations. *Iqbal*, 129 S. Ct. at 1950. Allan made no factual allegations to support this claim against Gil or any other defendants. He merely asserts that he was discriminated against because of his Palestinian origin and that defendants had a "pattern, practice and well-documented history" of engaging in discrimination. FAC at 35. Such unsupported conclusory allegations are insufficient to survive a motion to dismiss. Count 4 of the FAC is dismissed.

V.      Deceit claim

Allan's fifth claim is for deceit, in violation of California Civil Code sections 1709 and 1710. California Civil Code section 1709 states: "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." "Deceit" includes:

(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, (4) A promise, made without any intention of performing it.

Cal. Civ. Code § 1710. In the FAC, Allan fails to allege how Gil might have engaged in deceiving Allan. In fact, the FAC lacks any statements that Gil ever made to Allan.

Additionally, the court has wide discretion to decline to exercise supplemental jurisdiction over state law claims when the claims based on original jurisdiction have all been dismissed. 28 U.S.C. § 1367(c). For all the foregoing reasons, Count 5 of the FAC is dismissed.

## VI. Breach of Fiduciary Duty claim

Allan's final claim is for breach of fiduciary duty. In his complaint, Allan presented no factual allegations supporting the existence of a fiduciary relationship between Gil and Allan. Allan merely asserted the existence of a fiduciary duty based on the collective activities of all the defendants, yet did not specify what those activities were and did not cite any law creating a fiduciary relationship. Even if there were such a relationship, Allan presented no factual allegations that Gil breached that duty. Again, the court has wide discretion to decline to exercise supplemental jurisdiction over state law claims when the claims based on original jurisdiction have all been dismissed. 28 U.S.C. § 1367(c). For all the foregoing reasons, Count 6 of the FAC is dismissed.

## VII. No Leave to Amend

The court may dismiss a complaint without prejudice if further amendment would be in bad faith, would be the product of undue delay, would cause undue prejudice, or would be futile. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Here, Counts 1 and 2 appear to be fatally flawed due to the expiration of the limitations period, and there is nothing in the FAC to give any suggestion that Allan could cure the deficiencies in the remainder of his claims. Furthermore, the court has the benefit of a more fully developed record regarding the claims against

7

defendant Greenpoint, for whom summary judgment was granted. The court is satisfied that leave to amend in this case would be futile.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED with prejudice. Defendant GreenPoint has been dismissed from this action; Ameriwest has not been served; and default has been entered against Christina Tagle. Therefore, Ameriwest is dismissed from this action, service having not been effected within the time permitted under Federal Rule of Civil Procedure 4.[4] Within ten (10) days of the date of this order plaintiff shall file a motion for default judgment against defendant Tagle. Failure to do so will result in the dismissal of all claims against her.

IT IS SO ORDERED.

Dated: March 21, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

United States District Court
For the Northern District of California

**ENDNOTES**

1. There is a more fully developed factual record in the order granting defendant GreenPoint's motion for summary judgement. *See* Docket No. 97 (Order Granting Mot. Summ. J.) at 2-3, 2010 WL 2985080 (N.D. Cal. July 27, 2010). However, since the action here is a motion to dismiss, the court looks only to the four corners of the complaint to derive the factual record.

2. The FAC does not provide factual allegations that specify which defendants prepared these documents.

3. A YSP is a payment by a mortgage lender to a mortgage broker, made when the mortgage broker's client (the borrower) takes out a loan from the mortgage lender at a higher interest rate. This device allows borrowers to spread out their brokerage fees over the entire life of the loan, via a higher interest rate, rather than paying their brokers the entire fee at the time of closing. On the other hand, it can also permit unscrupulous brokers to make money at their clients' expense. *See Lane v. Residential Funding Corp.*, 323 F.3d 739, 743 (9th Cir. 2003).

4. If the court's records are incorrect and Ameriwest has been served, proof of service shall be filed and default entered within ten (10) days of the date of this order, no answer or other response having been filed by Ameriwest.