UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM ALLAN, | No. C 08-1534 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| GREENPOINT MORTGAGE FUNDING, et al. | **Re: Motion for Default Judgment** |
| Defendants, | |

Plaintiff Karim Allan ("Allan") brought this action against defendants GreenPoint Mortgage Funding ("GreenPoint"); Ameriwest Funding ("Ameriwest"), a mortgage broker; Ramon Gil ("Gil"), a broker for Ameriwest; and Christina Tagle ("Tagle"), an employee of Ameriwest, challenging defendants' conduct in obtaining the refinancing for Allan's home in late 2006.  On July 27, 2010, the court granted summary judgment to GreenPoint on all claims.  Docket No. 97.  On March 22, 2011, the court granted Gil's motion to dismiss the amended complaint with prejudice.  Docket No. 120.  Also on March 22, 2011, the court dismissed Ameriwest from this action for lack of service of process and ordered Allan to file a motion for default judgment against Tagle---against whom default has been entered---within 10 days.  *Id*.  Now before the court is Allan's motion for default judgment against Tagle.

After entry of a default, a court may grant a default judgment on the merits of the case.  *See* Fed. R. Civ. P. 55(b).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).  Factors that a court may consider in exercising that discretion include:

1   (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the
2   possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure
3   favoring decisions on the merits.

4   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). Because default has already been entered

5   in this case, the court must take as true all factual allegations in plaintiff's complaint except for those

6   related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th

7   Cir. 1987).

8         The court has addressed and rejected Allan's claims in two prior orders, and there is nothing

9   to indicate that his claims against Tagle are of any greater merit than his claims against Greenpoint,

10  Ameriwest or Gil. Although the amended complaint alleges that Tagle was the party who initially

11  approached Allan regarding refinancing, only one of the six causes of actions---for violation of the

12  Fair Housing Act (Count 4)---appears expressly directed to Tagle. Even were the complaint

13  construed so as to assert additional claims, there is nothing alleged that would materially distinguish

14  Tagle from the dismissed defendants. Counts 1 (RESPA) and 2 (TILA) were dismissed as untimely.

15  Count 3 (Civil RICO) was dismissed for failure to adequately allege an enterprise. Count 4 was

16  dismissed for failure to support Allan's discrimination claim with more than conclusory allegations.

17  Counts 5 (deceit) and 6 (breach of fiduciary duty) were similarly unsupported by specific factual

18  allegations, and the court alternatively declined to exercise supplemental jurisdiction over Allan's

19  state law claims. Allan's moving papers fail to acknowledge these rulings or provide any persuasive

20  reason for treating Tagle differently than her co-defendants. "[I]f the action is dismissed, it should

21  be dismissed as to the defaulting party as well as the remaining defendants. Similarly, summary

22  judgment in favor of the answering defendants will accrue to the benefit of the defaulting

23  defendant." 10A Wright & Miller, Fed. Practice & Procedure § 2690 (3d ed.). Given the

24  substantive weakness of Allan's claims, as demonstrated over the course of this litigation, the court

25  declines to enter default judgment against Tagle.

2

Allan's motion for default judgment is therefore DENIED, and Tagle is hereby dismissed from this action. There being no defendants remaining in this action, the clerk shall close the file.

IT IS SO ORDERED.

Dated: 5/23/2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California